```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

CHRISTOPHER W. REZOS,          :
                               :
        Petitioner,            :  No. 1:06-CV-00713
                               :
    v.                         :
                               :  **OPINION AND ORDER**
                               :
STUART HUDSON,                 :
                               :
        Respondent.            :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 7), and Petitioner's Objection (doc. 9). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects, and DENIES Petitioner's Petition for a Writ of Habeas Corpus (doc. 1).

On March 16, 2005, Petitioner entered guilty pleas in the Butler County, Ohio, Court of Common Pleas, in two criminal cases for counts of attempted murder, kidnapping, felonious assault, aggravated burglary, a firearm specification, and for conspiracy to commit murder (doc. 7). At the hearing on such date, Petitioner admitted to facts establishing the crimes against him, that is, attacking his estranged wife and refusing to let her leave a hotel room, where he attempted to suffocate and drown her, on a later date shooting her twice in the head, and on a later date still, conspiring to plan and aid in three murders (Id.). The Court sentenced Petitioner to an aggregate prison term of thirty years

for the crimes (Id.). Petitioner did not timely appeal his sentences, but later filed a pro se Complaint in the Ross County, Ohio, Court of Common Pleas, claiming that the "bind over journal entry" in one of the criminal cases was invalid for failure to comply with Ohio R. Crim. P. 32(B) (Id.). The Ross County Court dismissed the Complaint as a matter that should have been raised on direct appeal, and Petitioner did not appeal such decision (Id.).

On November 17, 2005, however, Petitioner filed a motion for a delayed appeal with the Ohio Court of Appeals, raising challenges 1) under Blakely v. Washington, 542 U.S. 296 (2004), 2) under the theory that the municipal court erred in binding him over of the charge of attempted murder despite the fact that the initial "sworn complaint" charged him with "attempted aggravated murder," and finally, 3) under the theory that he had ineffective trial counsel (Id.). The Ohio Court of Appeals summarily denied Petitioner's motion, and Petitioner appealed such denial to the Ohio Supreme Court (Id.). On June 7, 2006, the Ohio Supreme Court declined jurisdiction to hear the case (Id.). Thereafter, on August 7, 2006, Petitioner filed a petition for post-conviction relief with the Butler County Common Pleas Court , which such court denied as untimely (Id.).

Petitioner next filed the instant habeas petition, on October 25, 2006, raising three grounds for relief, essentially, 1) that he was denied his due process rights when the trial court

bound him over for an offense for which he was not arrested and charged, 2) that he was denied effective assistance of counsel, and 3) that he was denied his due process rights when the trial court accepted a plea of guilty to an offense which was not properly alleged as to each and every element in the indictment and which was not applicable to Petitioner's conduct (Id.).

Respondent filed its return of writ on January 10, 2007, acknowledging the Petition was timely filed and that Petitioner has exhausted all state court remedies with respect to his grounds for relief (Id.). Respondent argues, however, that Petitioner has not alleged a cognizable constitutional claim in his first and second grounds for relief, that his second ground for relief is lacking in merit, and that Petitioner has waived his third ground for relief due to procedural default in the state courts (Id.).

The Magistrate Judge, after making a complete and thorough review of the record, agreed with the Respondent (Id.). The Magistrate Judge found Petitioner waived his third ground for relief, because he failed to raise it as a possible claim of error in his motion for a delayed appeal to the Ohio Court of Appeals (Id. citing 28 U.S.C. § 2254(b), Anderson v. Harless, 459 U.S. 4, 6 (1982), O'Sullivan v. Boerckel, 526 U.S. 838, 845, 848 (1999)). Although the Magistrate Judge noted that it appears Petitioner asserted the claim as a proposition of law before the Ohio Supreme Court, his failure to present such claim to the Ohio Court of

3

Appeals caused a procedural default (Id. citing Ohio Const. art. IV, § 2(B)(2), Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir. 1985)). Finally, as to the third ground of relief, the Magistrate Judge found Petitioner has not shown the requisite cause, prejudice, or a fundamental miscarriage of justice so as to excuse his procedural default (Id. citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

      The Magistrate Judge further found that Petitioner is not entitled to relief based on the claims alleged in his first ground for relief challenging the validity of his guilty pleas, because his allegations do not give rise to jurisdictional or constitutional concerns (Id.). Quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Magistrate Judge noted the significance of Petitioner's guilty plea, "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" (Id.). The Magistrate Judge further found no applicable exception saving Petitioner's claim from waiver due to his plea of guilty (Id. citing Blackledge v. Perry, 417 U.S. 21 (1974)). Even assuming Petitioner did not waive the claims alleged in ground one with his guilty plea, the Magistrate Judge opined that Petitioner's allegations of error, which involve the manner by which he was charged with a crime, do not give rise to a federal constitutional

4

claim (Id.).  In any event, the Magistrate Judge found no basis in Ohio law for the state law error Petitioner alleges (Id.).

As for Petitioner's claims for ineffective assistance of counsel in ground two, the Magistrate Judge noted such claim was grounded in the theory that had his attorney investigated the attack of his wife in the hotel room, the attorney would have found testimony corroborating Petitioner's version of events that he and his wife were "viciously attacked by a black male" (Id.).  The Magistrate Judge reviewed the record and noted that the remarks about a six foot one inch black male attacker made it into the police report based on Petitioner's statements at the scene (Id.). The Magistrate Judge further noted that the victim survived the attack and provided a highly incriminating statement about what took place at the hotel, and that Petitioner's involvement with later incidents against his wife undermine the theory that a third-party assailant attacked he and his wife (Id.).  Under these facts, the Magistrate Judge concluded Petitioner's counsel provided reasonable assistance in compliance with Strickland v. Washington, 466 U.S. 668, 687 (1984) (Id.).

Having thus reviewed the record, the Magistrate Judge recommended that the Court deny Petitioner's writ of habeas corpus with prejudice (Id.).  The Magistrate Judge further recommended that the Court decline to issue a certificate of appealability with respect to any of the grounds in the Petition, and deny Petitioner

5

leave to appeal *in forma pauperis* with regards to any such application (Id.).

Petitioner brings his objection, which appears to only challenge the Magistrate Judge's findings as to his claim for ineffective assistance of trial counsel (doc. 19). Petitioner argues he has shown he is actually innocent based on the fact that a black male committed the crime, as supported by the police documents in the record (Id.).

Having reviewed this matter *de novo*, the Court finds the Magistrate Judge's Report and Recommendation comprehensive, well-reasoned, and correct. Petitioner's only objection is grounded in the theory that he is actually innocent, which is based on evidence in the record arising from his own claims regarding only one of the multiple attacks against his wife for which he was charged and plead guilty. The Court finds the Magistrate Judge's reasoning correct that Petitioner's counsel provided reasonable assistance in compliance with *Strickland*'s standard. Moreover, the Court notes that Petitioner's claim based on actual innocence would not pass muster as a cognizable claim, as it is grounded in his self-serving testimony. *McCray v. Vasbinder*, 499 F.3d 568 (2007). For these reasons, and based on the careful analysis provided by the Magistrate Judge, the Court does not find well-taken Petitioner's argument or the grounds articulated in his Petition.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate

6

Judge's Report and Recommendation (doc. 7), DENIES WITH PREJUDICE Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and DECLINES to issue a certificate of appealability with respect to the claim alleged in ground three of the Petition, which the Court has concluded is barred from review on procedural waiver grounds, because under the first prong of the two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. The Court FURTHER DECLINES to issue a certificate of appealability with respect to the remaining claims alleged in grounds one and two of the Petition, because Petitioner has failed to make the showing of the denial of a constitutional right based on such claims. 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b).

Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: May 27, 2008            /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge